## Richmond.

### MILLS' ADM'R AND ALS. V. TALLEY'S ADM'R.

#### MARCH 24th, 1887.

(LEWIS, P.—*Absent.*)

PERSONAL REPRESENTATIVES— *Liability—Attorney's misfeasance—Case at bar.*—T.'s administrator qualified in 1870, and soon after entrusted for collection to C., an attorney of competency and good standing, a note due to the estate. C. collected the greater part and paid it over, but allowed the note to run out of date without bringing suit. The administrator learned this fact in 1877, whilst C. was still solvent, but wholly failed to take steps against C. to make the money out of him, and the balance of the debt became lost to the estate. In suit against the administrator for his *laches*—

HELD:

> He became liable for the debt, not for entrusting the note to C. for collection, but for his failure to proceed, during C.'s solvency, to make the money out of him.

Appeal from decree of circuit court of Hanover county, rendered April 29th, 1880, and May 3d, 1884, respectively, in a chancery suit wherein the administrator of Mary J. Mills, deceased, and others, who were the distributees of Joseph Talley, deceased, were complainants, and Jacob L. Deitrich, administrator of said Joseph Talley, was defendant. The object of this suit was to compel a settlement of his accounts, and to hold him liable for the loss of a certain debt the collection whereof he had entrusted to an attorney, by whose neglect to institute suit in time the note had become barred by the statute of limitations and

the debt lost.   The court heard the cause upon the pleadings, exhibits and depositions taken, and decreed that the said Deitrich was not liable for the loss of the said debt. From this decree the said distributees appealed.   Opinion states the case.

*R. H. Caldwell,* for appellants.

*Sands, Leake & Carter,* for appellees.

HINTON, J., delivered the opinion of the court.

The only question to be determined in this case is the liability of Talley's administrator for the uncollected balance of a due-bill which was lost by the improper conduct of the attorney to whom it was handed for collection, in failing to sue within the proper time, and afterwards in altering said due-bill.

An executor or administrator is usually regarded as standing in the position of a gratuitous trustee, and is only responsible for plain acts of negligence or misconduct imputable to himself.   Hence, where the executor or administrator, in the exercise of good faith and ordinary discretion and care, intrusts claims due the estate to competent counsel in good standing for collection, he is not liable personally for any loss occasioned by the negligence or misfeasance of such attorney, even if the attorney should collect the money and apply it to his own use and become insolvent.   Schouler's Ex'ors and Administrators, § 321; Wharton on Negligence, 2d ed., § 520; *Raynor* v. *Pearsall,* 3 Johns. Chy. R. 584; *Christie* v. *McBride,* 1 Scam. R. 75; 2 Lomax Ex'ors, 388.   He qualified as administrator of Joseph Talley in January, 1870, and within a month thereafter placed a due-bill of A. W. Nolting (the cause of the dispute) for $1,000, dated June 12th, 1860, and

received from his attorney in September, 1870, $600, which had been collected on this claim. Now, applying these familiar principles to the facts of the case, it is clear that this administrator was guilty of no fault in the selection of counsel. The attorney selected was a lawyer of acknowledged ability and of fair reputation, and the administrator had the right to rest with confidence in the belief that he would do all that was necessary to prevent the claim from running out of date, and to insure its collection, until some circumstance arose to cast suspicion on his conduct. And we must therefore hold that there was no fault imputable to the administrator, either in the selection or retention of his attorney, until he was made aware of the fact that he had allowed this claim to run out of date without bringing suit. But the failure of the attorney to bring suit within time fixed his liability for the debt, and as soon as the administrator became aware of that fact, it became his duty to discharge his attorney, and seek to make the money out of him. Exactly when the administrator ascertained this fact does not appear. It is not improbable, although it is insisted otherwise, that it was somewhere between February, 1873, and March, 1876. Conceding, however, that it was not until March, 1877, when he certainly learned not only this fact, but the additional fact that White had undertaken to change the due bill to a bond by interlining the words " witness my hand and seal," it certainly then became his duty to promptly dismiss him, and to institute proper proceedings to recover damages against him. If he had done so, it by no means appears that the money might not have been then made out of him. He was certainly not openly and notoriously insolvent; and it is shown in this record, by the testimony of the witness Waddill, that he made a debt of $650 out of him as late as the early part of that year. Under these circumstances it was the duty of the administrator to have

brought suit against his attorney, and for his negligence in this respect he must be held liable.

The decrees appealed from must be reversed, and the cause must be remanded to the circuit court of Hanover county, to be further proceeded in to final decree in accordance with the views herein expressed.

DECREES REVERSED.